IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER B. KROSCHEWSKI,

                Plaintiff,

v.

STATE OF WISCONSIN,
BROWN COUNTY, CIRCUIT COURT
BRANCH 8,

                Defendants.

OPINION AND ORDER

14-cv-851-wmc

---

This case stems from a divorce proceeding brought by Vincent McLaughlin against Jennifer B. Kroschewski, formerly known as Jennifer B. McLaughlin, in the Circuit Court for Brown County, Wisconsin. *See McLaughlin v. McLaughlin*, Brown County County Case No. 2001FA921. The State of Wisconsin has filed a motion for contempt against Kroschewski in that case for failure to comply with a court order to pay child support. Alleging that the Brown County Circuit Court lacks jurisdiction over her and that she has been denied sufficient process, Kroschewski has filed a pleading entitled "Habeas Corpus in the Form of an Affidavit Challenging Jurisdiction and Notice of Removal to Federal Court." Since Kroschewski essentially seeks to remove the underlying family court proceeding to federal court or to have this court intervene in those proceedings before a final disposition is reached on the pending motion for contempt, this case will be summarily remanded to state court.

OPINION

As a general matter, the removal of civil actions from state court is authorized by 28 U.S.C. § 1441(a). A case may be subject to remand for lack of subject matter jurisdiction or on the basis of any defect or failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). The removal is defective in this instance because defendant has failed to comply with 28 U.S.C. § 1446(b), which requires that the notice of removal of a state court civil action or proceeding must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Exhibits provided by Kroschewski reflect that she was served with the motion for contempt on October 13, 2014. That date triggered the 30-day removal period found in § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), making the notice of removal in this case, which is dated December 9, 2014, untimely.

More importantly, even if the removal was timely filed, Kroschewski does not establish that this court has subject matter jurisdiction over the underlying dispute. Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case

or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Generally, a federal court such as this one has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Assuming that all of Kroschewski's allegations are true, this case falls into neither category.

The notice of removal establishes that all of the parties reside in Wisconsin, meaning that there is no diversity of citizenship. In addition, the underlying dispute concerns a family law and child custody dispute, which are controversies that arise under state law. *Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). It follows that the case presents no legitimate federal question.

Similarly, to the extent that Kroschewski seeks habeas corpus relief, her petition must be dismissed because it is evident that she has not exhausted available state court remedies with respect to her claims. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A federal court cannot otherwise interfere with ongoing civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts" under the long-standing policy of abstention outlined in *Younger v. Harris*, 401 U.S. 37 (1971). *See Sprint Communications, Inc. v. Jacobs*, — U.S. —, 134 S. Ct. 584, 588 (2013) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)). Therefore, this case must be dismissed.

## ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Brown County, Wisconsin. Alternatively, this case is DISMISSED without prejudice. The clerk of court is directed to close this case and return the record to the state court.

Entered this 23rd day of December, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge